■ THEATRE ROW PHASE II ASSOCIATES, Appellant, v H & I, INC., Respondent. [843 NYS2d 324]—

Judgment, Supreme Court, New York County (Walter B. Tolub, J.), entered August 11, 2006, dismissing the petition pursuant to an order, same court and Justice, entered August 9, 2006, which, in a turnover proceeding pursuant to CPLR 5225 (b), granted respondent's motion to dismiss the petition and denied petitioner's cross motion for summary judgment, and order, same court and Justice, entered November 20, 2006, which granted petitioner's motion for reargument and, upon reargument, adhered to the initial determination, unanimously affirmed, without costs. Appeal from the order of August 9, 2006, unanimously dismissed, without costs, as subsumed in the appeal from the above judgment.

Petitioner, a limited partnership and commercial landlord, entered into a 1986 settlement agreement with one of its tenants in which it agreed to assign to the tenant, or the tenant's designee, a 2% interest in petitioner's distributions. The tenant designated respondent, and petitioner prepared and filed the documents necessary to effectuate an assignment of the 2% interest directly to respondent. It appears that respondent is a corporation that was formed and 100% owned by one of the tenant's principals, who died in 2002 and whose interest in respondent passed to his wife; it does not appear that any consideration was paid by respondent to the tenant in exchange for the designation; it also does not appear that the tenant ever asserted an interest in the distributions since the designation. In 2002, the tenant defaulted in its rent payments, and, in 2004, petitioner commenced the instant holdover proceeding seeking to enforce judgments it has obtained against the tenant by "recapturing" the 2% interest in the distributions held by respondent. We reject petitioner's argument that because respondent did not pay the tenant fair consideration for the designation, the tenant has a possessory interest in the distributions

that is superior to respondent's interest and recoverable by the tenant's creditors. Consideration was not required to effectuate the assignment since it was in writing and was signed by the assignor (General Obligations Law § 5-1107). Further, to so hold would, in effect, impermissibly sever the designation and resulting direct assignment to respondent from the settlement agreement of which they were a part. The tenant had a right under the settlement agreement, entered into at a time when it was solvent and admittedly supported by good consideration, to name a designee, and has abided by that designation since making it in 1986.

We have considered petitioner's remaining arguments and find them to be without merit. Concur—Saxe, J.P., Marlow, Williams, Sweeny and Malone, JJ.